| .WALTER J. ROTHSCHILD, Judge.
In this automobile accident ease, defendants appeal the trial court’s finding of fault. For the reasons stated herein, we amend and affirm the trial court’s judgment.
Plaintiff, Toby Acosta, filed this petition for damages against Bobby Boudreaux and his insurer as a result of injuries plaintiff received in an accident on Airline Highway on December 31, 1998. Plaintiff alleged that he was traveling southbound on Airline Highway when a vehicle being driven by Jeffrey Stafford entered his lane of travel suddenly and without warning. Stafford, who had been traveling northbound on Airline Highway, was slowing to stop while preparing to make a left turn when his vehicle was struck from the rear by a vehicle being driven by Bobby Bou-dreaux. The impact knocked Stafford’s vehicle into the southbound portion of the highway, resulting in the collision. Plaintiff alleged that the accident was caused by the negligence of Bobby Boudreaux in following too closely and failing to keep a proper lookout.
Plaintiff subsequently amended his petition to include as defendants Jeffrey Stafford and his insurer, USAgencies Casualty Insurance Company. Thereafter, plaintiff settled his claims against Boudreaux and his insurer, and the matter proceeded to trial.
Following a bench trial, the court rendered judgment in favor of plaintiff and against defendants, finding Jeffrey Stafford and his insurer 45% responsible for the accident and Boudreaux 55% at fault. In its reasons for judgment, the trial court stated that Jeffrey Stafford had begun to make a left turn when he was struck from the rear |3causing his vehicle to veer into plaintiffs lane of travel, and therefore he must bear a portion of the responsibility for the accident. Defendants filed a motion for new trial, which was denied. This appeal followed.
Defendants contend on appeal that the accident was not caused by the turning of the wheels of the Stafford vehicle but rather was caused by the point of impact between the two vehicles. Defendants contend that the evidence shows that the left front portion of the Boudreaux vehicle struck the right rear of the Stafford vehicle, and this explains the movement of the Stafford vehicle into plaintiffs lane of travel. Defendants further contend that the act of making a legal left turn is not an act of negligence and that the trial court erred in concluding otherwise.
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even *1220 though the appellate court may feel that its own evaluations and inferences are as reasonable. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial judge in this case made a factual determination that the wheels of the Stafford vehicle were turned left and that Mr. Stafford had begun to make a turn at the time of the impact with Bou-dreaux’s vehicle. Although defendants contend that the point of impact caused the Stafford vehicle to travel across Airline Highway, the trial court, after hearing all the testimony and viewing the evidence presented, rejected this contention. We find that the trial court’s finding that Mr. Stafford’s wheels were turned at the time of impact is supported by the evidence in the record and is not manifestly erroneous.
Further, La. R.S. 32:104(A) provides as follows:
|4No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such a movement can be made with reasonable safety.
The trial court did not find Jeffrey Stafford negligent for making a proper left-hand turn. Rather, the trial court found that Mr. Stafford was at fault for commencing his left turn before it was safe to do so in violation of the above-cited statute. If Mr. Stafford had not attempted to turn before the Acosta vehicle crossed the intersection, his vehicle would not have moved into plaintiffs lane of travel following the impact. The record supports the trial court’s finding that Mr. Stafford’s attempt to turn left before it was safe to do so was a contributing factor of this accident. Accordingly, we fail to find manifest error in the lower court’s factual finding that defendant was at fault in this accident.
However, we find error in the trial court’s apportionment of fault in this case. Although we agree with the trial court that Mr. Stafford’s negligence contributed to this accident, the assessment of 45% liability is not reasonably supported by the record. The record shows that Mr. Stafford was attempting to make a legal left turn, and the trial judge did not find that his lights were not on as alleged by plaintiff. Although the record supports the finding that Mr. Stafford’s wheels were turned in violation of law, the record also shows that Mr. Boudreaux’s actions in striking the vehicle from the rear was the primary contributing factor in this accident.
Thus, we conclude that the trial court’s apportionment of fault is manifestly erroneous. Louisiana law provides that if the appellate court determines that an apportionment of fault by the trial court is clearly erroneous, it should raise or lower it to the highest or lowest point reasonably within the trial court’s discretion. Clement v. Frey, 95-1119 (La.1/16/96); 666 So.2d 607. After a careful review of the record, we determine that the highest point reasonably within the trial court’s discretion is an assessment of 25% liability to Jeffrey Stafford.
| sFor the reasons assigned herein, the judgment of the trial court finding Jeffrey Stafford fault in this accident is hereby affirmed. However, we amend the judgment to reduce Mr. Stafford’s percentage of fault to 25%. Defendants shall bear all costs of this appeal.

AFFIRMED AS AMENDED.

GOTHARD, J., dissents with reasons.